IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FLOYD E. MOORE )
)
v. ) NO. 3:04-0376
) JUDGE CAMPBELL
FLEMING PRIME STEAKHOUSE )
II, LLC )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 18). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Floyd E. Moore is a former employee of Defendant Fleming Prime Steakhouse in Nashville. Plaintiff was a chef for Defendant for more than three years. Plaintiff alleges that Defendant discriminated against him in violation of Title VII (42 U.S.C. § 2000e, *et seq.*), the Age Discrimination in Employment Act (29 U.S.C. § 633a, *et seq.*), and the Rehabilitation Act of 1973 (29 U.S.C. § 701, *et seq.*). Plaintiff contends that Defendant denied Plaintiff the opportunity to be "kitchen supervisor," denied Plaintiff training opportunities, and ultimately terminated Plaintiff's employment because of his age.

Defendant has moved for summary judgment, arguing that Plaintiff's Title VII claim is barred for failure to exhaust administrative remedies; that Plaintiff cannot establish a *prima facie* case of age discrimination or show that Defendant's reasons for its actions were pretextual; and that Plaintiff cannot establish a Rehabilitation Act claim because Defendant is not a public employer and Plaintiff has no "disability."

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## REHABILITATION ACT

Defendant asserts, and Plaintiff does not dispute, that Plaintiff cannot bring a claim under the Rehabilitation Act for two reasons. The Rehabilitation Act covers only public employers and programs and private employers who receive federal assistance. Kaltenberger v. Ohio College of Podiatric Medicine, 162 F.3d 432, 435, n.4 (6th Cir. 1998). There is no allegation in the Complaint or the record that Defendant is a public employer or receives federal assistance.

In addition, the purpose of the Rehabilitation Act, as stated in the Act itself, is to empower individuals with disabilities and to ensure that the Federal Government plays a leadership role in

2

promoting the employment of individuals with disabilities.  29 U.S.C. § 701(b).  There is no allegation in the Complaint or the record that Plaintiff is disabled.

For these reasons, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's Rehabilitation Act claim, and that claim is DISMISSED.

## TITLE VII

Defendant argues that Plaintiff's Title VII race discrimination claim must fail because Plaintiff has failed to exhaust his administrative remedies with regard to that claim.  In order for federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief.  <u>Ang v. Procter & Gamble Co.</u>, 932 F.2d 540, 545 (6th Cir. 1991).  The judicial complaint must be limited to the scope of the Equal Employment Opportunity Commission ("EEOC") investigation reasonably expected to grow out of the charge of discrimination.  <u>Id</u>.

Plaintiff's argument in response to Defendant's Motion does not address this exhaustion requirement.  Docket No. 24, pp. 13-15.  Plaintiff's EEOC complaint, attached to Docket No. 18 as Exhibit F, does not indicate that Plaintiff is alleging a race discrimination claim.  Plaintiff checked only the "age" category as the basis of the alleged discrimination, and Plaintiff stated: "I believe I have been discriminated against in violation of the Age Discrimination in Employment Act."

The Court finds that it has no subject matter jurisdiction over Plaintiff's Title VII race claim because Plaintiff has not shown that the race claim has been unsuccessfully pursued, or pursued at all, administratively.  Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's Title VII claim, and that claim is DISMISSED.

## AGE DISCRIMINATION

3

Defendant contends that Plaintiff cannot establish a *prima facie* case of age discrimination and that, even if he could, Plaintiff cannot show that Defendant's legitimate, nondiscriminatory business reasons for its actions were pretext.

Defendant argues that Plaintiff cannot show that Defendant's alleged failure to promote and failure to offer training opportunities to Plaintiff were "adverse employment actions" as required for an age discrimination claim. As noted above, Plaintiff's Complaint alleges that Defendant denied Plaintiff the opportunity to become a "kitchen supervisor," denied Plaintiff certain training opportunities and, ultimately, terminated Plaintiff's job.

An adverse employment action is a materially adverse change in the terms or conditions of employment because of the employer's conduct. Mitchell v. Vanderbilt Univ., 389 F.3d 177, 182 (6th Cir. 2004). Under this standard, a materially adverse change in employment conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities. Id. A change in employment terms is "materially adverse" when the plaintiff received significantly diminished material responsibilities, including termination of employment, demotion evidenced by a decrease in wage or salary, less distinguished title, material loss of benefits, or other indices that might be unique to a particular situation. Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 886 (6th Cir. 1996).

Plaintiff testified that his only promotion claim was that concerning the "kitchen supervisor." Docket No. 18, Ex. D (Plaintiff's Deposition), pp. 76-77. Defendant has presented evidence that the "kitchen supervisor" does not have the authority to hire, discipline, schedule, or terminate the employment of other cooks. In addition, the "kitchen supervisor" does not get paid a higher rate of pay or receive any additional benefits. Docket No. 20, ¶ 8. Plaintiff's contention otherwise (Docket No. 25, ¶ 26) does not rebut this evidence. Plaintiff admitted that he never asked his managers about

4

assuming the additional duties or complained about not being chosen to be "kitchen supervisor." Docket No. 18, Ex. D, pp. 134-135; Docket No. 25, ¶ 28. Defendant's failure to allow Plaintiff to be a "kitchen supervisor," based upon these facts, does not meet the definition of "adverse employment action" set forth above.

Plaintiff's allegation about being denied training opportunities relates to one incident, a trip to a Fleming's Restaurant being opened in Florida in November of 2003 to train newly-hired prep cooks. Docket No. 18, Ex. D, pp. 70-76. Plaintiff testified that he lost the opportunity to meet people, to meet other managers, to meet other chefs, to get input of the operation, and to get paid the expenses to go. Id. at 72-73. The Court finds that this isolated incident does not amount to an adverse employment action as required for an age discrimination claim.

The termination of Plaintiff's employment is undisputedly an adverse employment action. Defendant contends, however, that Plaintiff cannot show that Defendant's legitimate, nondiscriminatory, business reasons for that termination were pretextual or that its true reason was in any way based upon Plaintiff's age. Defendant asserts that it terminated Plaintiff's employment for his failure to follow recipes and for performance issues, including inconsistent production and his failure to ensure that all prep work was complete before leaving. Docket No. 21, p. 12.

Plaintiff has failed to show that Defendant's articulated reasons for firing him were pretext. Specifically, Plaintiff has failed to produce any evidence which would show that Defendant's decision to fire him was based upon his age. Although Plaintiff argues that he and the only other "over 40" prep cook were both fired, he has admitted that one of the prep cooks hired to replace him was more than 40 years old. Docket No. 25, ¶¶ 51 and 53.

5

In order to prevail on his age discrimination claim, Plaintiff must show that age was a determining factor in Defendant's decision to fire him. Young v. State Farm Mut. Auto. Ins. Co., 868 F. Supp. 937, 943 (W.D. Tenn. 1994). Whether age played a factor in Plaintiff's discharge is the ultimate issue, and Plaintiff bears the burden of this showing. Id.

Because Plaintiff cannot show a causal connection between his age and the decision to terminate his employment, his age discrimination claim fails. For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's age discrimination claim is GRANTED, and that claim is DISMISSED.

## CONCLUSION

For all the reasons stated above, Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE